Citation Nr: 1725240 
Decision Date: 06/30/17 Archive Date: 07/10/17

DOCKET NO. 12-02 998 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) 
in St. Petersburg, Florida


THE ISSUE

Entitlement to an initial disability evaluation in excess of 10 percent for cervical spine degenerative disc disease (DDD) and degenerative joint disease (DJD) with history of cervical strain and radiculopathy (cervical spine disability).


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

C. L. Wasser, Counsel


INTRODUCTION

The Veteran served on active duty from September 1984 to May 1993 and from February 1997 to November 1997. 

This case came to the Board of Veterans' Appeals (Board) on appeal of a December 2009 RO decision which, in pertinent part, granted service connection for a cervical spine disability and assigned a 10 percent rating, effective October 13, 2006.

Thereafter, in a December 2011 rating decision, the RO granted an effective date of June 1, 1993 for the award of service connection for the Veteran's cervical spine disability. The evaluation was stopped effective February 16, 1997 due to his return to active duty and reestablished November 13, 1997.

This matter was previously before the Board in July 2014 when it was remanded for further evidentiary development.

In a September 2016 decision, the Board denied an increased rating for the service-connected cervical spine disability. The Veteran then appealed to the United States Court of Appeals for Veterans Claims (Court). In an April 2017 joint motion for remand (JMR), the parties (the Veteran and the Secretary of VA) requested that the Board decision be vacated and the issue remanded. In an April 2017 Court order, the joint motion was granted, the Board's September 2016 decision was vacated, and the issue was remanded. The case was subsequently returned to the Board.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

In light of the April 2017 JMR and Court order, the Board finds that remand is required for another VA examination as to the severity of the service-connected cervical spine disability.
In the April 2017 JMR, the parties agreed that the Board failed to provide an adequate statement of reasons or bases because it did not discuss all relevant evidence of the severity of the cervical spine disability. The parties noted that a November 2004 physical therapy consult described the Veteran's cervical spine pain as a "7-8," aggravated by activity, and with active range of motion of flexion to 60 degrees, extension to 30 degrees, lateral flexion to 28 and 20 degrees, and lateral rotation to 30 and 20 degrees. Tenderness and spasm were noted, and left upper extremity numbness with tingling sensation on his fingers was also noted. A November 2006 VA neurosurgery consult shows neck pain with tingling in the left thumb and index finger with occasional shooting pain down the arm, with pain worse on activity, and giveaway to pain in the left bicep was noted. The parties stated that because the initial rating period is from June 1, 2006, remand is warranted for the Board to discuss this evidence. Additionally, the parties noted that the Board did not discuss the May 2016 VA treatment nerve study and magnetic resonance imaging (MRI) scan submitted by the Veteran in June 2016 that showed decreased nerve conduction velocity of the left ulnar nerve. The parties agreed that as noted in the above VA treatment records, the record indicates that the Veteran has complained of left arm pain and numbness that may be associated with the cervical spine injury. The parties concluded that remand was required for the Board to discuss the May 2016 VA nerve study and determine whether a new examination is needed to assess whether the left ulnar nerve diagnosis is associated with the service-connected cervical spine disability. 

The Board notes that in Correia v. McDonald, 28 Vet. App. 158, 169-70 (2016) the Court held that to be adequate examination reports must include joint testing for pain on both active and passive motion, in weight-bearing and non-weight-bearing and, if possible, with range of motion measurements of the opposite undamaged joint. The most recent VA cervical spine examination in September 2014 does not contain the requisite findings. Accordingly, on remand the Veteran should be afforded a contemporaneous VA cervical spine examination, and the examiner should determine the current level of severity of this service-connected disability. 38 C.F.R. § 4.2; see also Allday v. Brown, 7 Vet. App. 517, 526 (1995) (where the record does not adequately reveal current state of claimant's disability, fulfillment of statutory duty to assist requires a contemporaneous medical examination, particularly if there is no additional medical evidence that adequately addresses the level of impairment of the disability since the previous examination). The VA examiner should review the claims file in connection with the examination, including the additional medical records added to the file after the last VA examination.

Ongoing relevant medical records should also be obtained. 38 U.S.C.A. § 5103A(c) (West 2014); 38 C.F.R. § 3.159(c)(3) (2016); see also Bell v. Derwinski, 2 Vet. App. 611 (1992) (VA medical records are in constructive possession of the agency, and must be obtained if the material could be determinative of the claim).

Accordingly, the case is REMANDED for the following action:

1. Obtain updated VA medical records of treatment or evaluation of the cervical spine disability, and associate them with the claims file.

2. After the foregoing development is complete, schedule the Veteran for VA cervical spine examination to determine the current nature and severity of his service-connected cervical spine disability (cervical spine DDD and DJD with history of cervical strain and radiculopathy). 

The examiner should review the claims file, including all relevant medical records (to include a November 2004 physical therapy consult; a November 2006 VA neurosurgery consult; and a May 2016 VA nerve study and MRI), and perform all appropriate tests and diagnostics, including range of motion testing and neurological evaluation. All pertinent symptomatology and findings must be reported in detail. 

(a) The examiner is asked to report the range of motion measurements in degrees. Range of motion should be tested actively and passively, in weight bearing if possible, and after repetitive use. The examiner should consider whether there is likely to be additional range of motion loss due to any of the following: (1) during flare-ups; and, (2) as a result of pain, weakness, fatigability, or incoordination. If so, the examiner is asked to describe the additional loss, in degrees, if possible. If the examiner is unable to conduct the required testing or concludes that the required testing is not necessary in this case, he or she should clearly explain why that is so.

(b) The examiner should note all symptomatology associated with the cervical spine and any radiculopathy, if found, as well as the functional impact of the cervical spine and radiculopathy. The examiner should also address whether the Veteran has incapacitating episodes of disc disease and if so, the frequency and duration of such. The examiner should also indicate whether the Veteran's decreased nerve conduction velocity of the left ulnar nerve shown in a May 2016 VA nerve study and MRI is proximately due to, or alternatively, aggravated (chronically worsened) by the Veteran's service-connected cervical spine disability. 

A complete rationale should be provided for any opinion offered. 

3. After completing the requested actions, and any additional action deemed warranted, the AOJ should readjudicate the claim, with consideration of all evidence received since the March 2015 supplemental statement of the case. If any benefit sought on appeal remains denied, the Veteran and his representative should be furnished a supplemental statement of the case and an opportunity to respond thereto. The case should then be returned to the Board for further appellate consideration, if in order.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




S. L. Kennedy 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).